**WHAYNE SUPPLY COMPANY,**
**Appellant,**

v.

**Lloyd Ray DUGGER; Robert L. Whittaker, Acting Director of Special Fund; Hon. Thomas A. Dockter, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 94–CA–000032–WC.

Court of Appeals of Kentucky.

March 8, 1996.

Thomas L. Ferreri, William A. Miller, Ferreri & Fogle, Louisville, for Appellant.

John E. Anderson, Cole, Cole, Anderson & Nagle, P.S.C., Barbourville, for Appellee, Dugger.

Joel D. Zakem, Louisville, for Appellee, Special Fund.

Before COMBS, GUDGEL and JOHNSON, JJ.

JOHNSON, Judge:

Appellant, Whayne Supply Company (Whayne Supply), appeals from a decision of the Worker's Compensation Board (Board) denying it credit against workers' compensation benefits payable to claimant/appellee, Lloyd Dugger (Dugger).

The Administrative Law Judge (ALJ) found Dugger to be totally occupationally disabled due to a work-related injury. At a hearing on this matter, Dugger testified that he was receiving weekly payments under a long-term disability pension plan provided and funded by Whayne Supply. Whayne Supply claims that it is entitled to a credit against the workers' compensation benefits for payments made pursuant to the plan.

Under the terms of the plan, the long-term disability carrier is entitled to a credit in the event the employee receives either workers'

compensation benefits or social security disability benefits. The plan further provides that regardless of the amount of credit due pursuant to the terms of the offset provisions, the employee is entitled to a minimum benefit of $25.00 per week under the plan.

The ALJ ruled that Whayne Supply was not entitled to a credit for the $25.00 paid per week under the disability plan against the workers' compensation benefits payable to Dugger. In his opinion, the ALJ stated as follows:

> The terms of the long-term disability plan specifically provides [sic] that Plaintiff could only receive the maximum of $175.00 per week or 70% of his Basic Weekly Earnings, if less. This benefit amount, however, is subject to an offset, or benefit reduction, upon receipt of workers' compensation benefits. Therefore, since the long-term disability benefits plan specifically provides for a decrease in Plaintiff's benefits under that specific plan, it would be a classic example of "double dipping" to allow the Employer to receive credit off of the workers' compensation benefits[ ] as well. Therefore, no offset will be allowed for benefits received in the workers' compensation claim for those received under the long-term disability plan.

The decision of the ALJ was upheld by the Board, which stated that "where the employer-funded disability plan provided for an offset due to the receipt of workers' compensation benefits, the compensation carrier could not offset compensation benefits due to the receipt of disability benefits pursuant to the plan."

Both Dugger and the Board rely on the case of *Eastern Coal Corporation v. Mullins,* Ky.App., 845 S.W.2d 27 (1993). In *Mullins,* the Court held that where the provisions of an employer-funded disability pension plan provided a credit for paid workers' compensation benefits against the benefits payable under the plan, the defendant-employer had "contractually agreed to take its credit or offset against the benefits payable under the plans rather than against the workers' compensation benefits." *Mullins,* 845 S.W.2d at 30. The Court agreed with Mullins' argument that if the employer were permitted to

credit benefits received by the employee pursuant to the terms of the pension plan against workers' compensation benefits, and was further permitted to credit workers' compensation benefits received by the employee against the pension plan benefits, the employee would "end up with less money than if he had not filed a workers' compensation claim." *Id.* The Court also recognized that there was no case law or statutory authority in Kentucky which would authorize credit for payments made under a disability plan against an award of workers' compensation benefits when the plan contains its own internal offset provisions which are not consistent with allowing such a credit. *Id.* *Mullins* further stated that since the employer had contractually agreed to the workers' compensation benefits being offset against the payments made pursuant to the terms of the disability plan, "[j]ustice and logic is better served here by the ALJ's award of the statutory benefits to Mullins, and allowing the plan benefits to terminate by its own offset terms." *Id.*

Whayne Supply argues that while the outcome in *Mullins* is logical where the employee is not guaranteed a minimum benefit under the employer-funded plan, *Mullins* is not applicable to the case at bar because there is nothing in the Court's decision which disqualifies the plan as a credit against workers' compensation benefits when there is only a partial offsetting provision provided by the plan. Whayne Supply argues that in cases such as this where the employee is guaranteed a minimum amount under the terms of the plan regardless of offset that:

> [u]nder the Board's logic, since there is an offset in the plan, if the minimum benefit was $380.00 per week, the claimant could receive $380.00 per week from the disability plan, and at the same time receive workers' compensation benefits. The employer would thus be paying for two benefits which overlap each other and are due and payable on the basis of the same condition, i.e., work-related disability.

Whayne Supply's argument is consistent with recent cases which hold that the terms of an

employer-funded disability plan should be construed in such a manner so as to avoid payment of duplicate benefits to an injured employee. *See GAF Corporation v. Barnes,*[1] Ky., 906 S.W.2d 353, 355 (1995), quoting Larson, *The Law of Workmen's Compensation,* § 97.51. However, the dictates of *Mullins* cannot be overlooked. Although the case currently before the Court differs from *Mullins* in that Dugger is guaranteed a minimum benefit of $25.00 per week pursuant to the terms of the plan, the fact remains that Whayne Supply has contractually chosen to take a credit against the benefits payable to Dugger pursuant to the internal offset provisions of the disability plan. Thus, it is not entitled to an additional credit of $25.00 per week against the award of workers' compensation benefits. To allow the offset would have the effect of nullifying the contract benefit of $25.00. It would be totally inconsistent to allow Whayne Supply to offset the minimum benefit that it had agreed to pay. Applying the offset provisions and holding Whayne Supply to payment of the minimum benefit, both as provided for by contract, is consistent with the application of the factors set forth in *Barnes, supra,* at 355.

The judgment of the Workers' Compensation Board is affirmed.

All concur.

---

**1.** Whayne Supply argues that *Barnes, supra,* is not applicable because Dugger was not a party to a collective bargaining agreement. This Court is of the opinion that the language in *Barnes* concerning a collective bargaining agreement is merely the recognition of an obvious fact; *i.e.,* employers and employees negotiate contracts with the purpose of compensating workers for their labor which is desired by the employer. We do not read *Barnes* as holding the converse to be true—that a benefit which is not union-negotiated is the result of employer largess. To so rule would be a total denial of economic reality.